## DUSTIN v. STEELE.

By custom, a wife may bar her right of dower, by signing and sealing her husband's deed of his land.

WRIT OF DOWER. The parties agreed upon the following facts, and that judgment should be rendered thereon according to the opinion of the court.

Peter Dustin, jr, now deceased, was the husband of the plaintiff, and seized in fee of the land described in the writ during her coverture, to wit, on the 27th day of July, 1819, and conveyed the same with full covenants of warranty, in fee and in mortgage, to Jonathan Dustin.

The plaintiff, then the wife of Peter Dustin, jr., signed, sealed and acknowledged said deed; but neither her name, nor any reference thereto, or to her, occur in any of the covenants of said deed, or at any place therein before her signature.

The defendant has the fee of the land, derived from said Jonathan Dustin.

The plaintiff, since the decease of Peter Dustin, jr., duly demanded her dower in said land, of the defendant, more than thirty days prior to the commencement of this suit.

*G. C. Bartlett*, for the demandant.

Dower is not only a civil but a moral right. 1 Greenl. Cruise, 166. And in order to bar the same by deed, the wife must join with the husband in the deed, and there must be apt words of grant, showing an intention on her part to relinquish her dower. 4 Kent, 59; *Stevens* v. *Arven*, 25 Maine Rep. 98; *Catlin* v. *Ware*, 9 Mass. Rep. 218; *Lufkin* v. *Curtis*, 13 Mass. Rep. 223; *Leavitt* v. *Lamprey*, 13 Pick. 382; *Powell* v. *Monson*, 3 Mason, 347.

If the deed does not contain apt words, showing her intention to relinquish her dower, she will not be barred therefrom, though she has signed and sealed the deed, and made

the statute acknowledgment. 1 Greenl. Cruise, 202, and cases there cited.

*French*, for the tenant.

1. The principle which gôverns this case seems conclusively settled in *Elliott* v. *Sleeper*, 2 N. H. Rep. 525; *Contra*, 9 Mass. Rep. 223; 13 Pick. 382.

2. A widow may convey her right of dower by separate deed. *Shepherd* v. *Howard*, 2 N. H. Rep. 507. See, also, 2 N. H. Rep. 405; 4 N. H. Rep. 423; Laws of 1815, page 193. And the form of such conveyance so it be under seal, and evince an assent to the conveyance of a complete title, seems not material. The common form is a mere release. See, also, *Shepherd* v. *Howard*, 2 N. H. Rep. 507. The plaintiff is estopped to claim against this deed, containing a warranty against this very right, executed in her presence. 12 N. H. Rep. 133; 13 N. H. Rep. 375.

BELL, J. The principles applicable to this case were fully examined and considered in *Burge* v. *Smith*, decided at the present term, (page 332 of this volume.)

In accordance with the opinion of the court therein expressed, there must be,

*Judgment for the tenant.*